Andrea L. Calvaruso
Ana Y. Correa
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Phone (212) 808-7800
Fax (212) 808-7897



UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

15 CV 2972

| | |
|---|---|
| PHILIPS BRYANT PARK LLC<br><br>    Plaintiff,<br>v.<br><br>HFZ CAPITAL GROUP LLC, 20 WEST 40 BRYANT PARK OWNER LLC, HFZ BRYANT PARK OWNER LLC, and DOES 1-5<br><br>    Defendants. | CASE NO.<br><br> |

## COMPLAINT

Plaintiff Philips Bryant Park LLC ("PBP" or "Plaintiff"), by its attorneys, Kelley Drye & Warren LLP, brings this action against defendants HFZ Capital Group LLC, 20 West 40 Bryant Park Owner LLC, HFZ Bryant Park Owner LLC, and John Does 1-5 (collectively, "Defendants") and alleges as follows:

### THE PARTIES

1. PBP is a limited liability company organized and existing under the laws of the state of New York, with a principal place of business at 40 West 40th Street, New York, New York 10018.

2.      Upon information and belief, HFZ Capital Group LLC is a limited liability corporation organized and existing under the laws of the state of New York, registered to do business in the state of New York, with a principal place of business at 600 Madison Avenue, 17th Floor, New York, New York 10022 ("HFZ").

3.      Upon information and belief, 20 West 40 Bryant Park Owner LLC is a limited liability company organized and existing under the laws of the state of New York, registered to do business in the state of New York, with a principal place of business at c/o HFZ Capital Group, 600 Madison Avenue, 17th Floor, New York, New York 10022.

4.      Upon information and belief, HFZ Bryant Park Owner LLC is a limited liability company organized and existing under the laws of the state of Delaware, registered to do business in the state of New York, with a principal place of business at c/o HFZ Capital Group, 600 Madison Avenue, 17th Floor, New York, New York 10022.

5.      Plaintiff does not know the true names or capacities of the Defendants sued herein as DOES 1 through 5, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Upon information and belief, each of these fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and the harm sustained by Plaintiff as a result thereof.

## JURISDICTION AND VENUE

6.      PBP brings this action under the Lanham Trade-Mark Act, 15 U.S.C. §§ 1051 et seq. (the "Lanham Act"), and the laws of the State of New York, including § 360-1 et seq. of the New York General Business Law, against Defendants for, *inter alia*, willful infringement of PBP's registered trademarks, unfair competition and false designation of origin or sponsorship, common law trademark infringement, and trademark dilution and disparagement.

2

7. This Court has jurisdiction pursuant to Sections 39(a) of the Lanham Act and 28 U.S.C. § 1331 and 1338 over causes of action arising under the Lanham Act 15 U.S.C. § 1114(1), 1125(a) and (c), and pursuant to 28 U.S.C. § 1338 and 1367 over causes of action created by the laws of the State of New York.

8. Venue is proper under 28 U.S.C. § 1391(b) and (c) in that Defendants conduct business in this District, a substantial portion of the activity of which Plaintiff complains took place in this District, and Defendants are subject to personal jurisdiction in this District.

### A. PLAINTIFF'S MARKS

9. PBP is the sole owner of the famous marks THE BRYANT PARK and THE BRYANT PARK HOTEL, which it has used since as early as 2001 in connection with hotel, restaurant, bar, and related services. Plaintiff is the owner of federal trademark registrations in the U.S. Patent and Trademark Office ("USPTO") for: (a) THE BRYANT PARK (Registration No. 2,511,172) for hotel services in class 42, which has been registered since November 20, 2001; and (b) THE BRYANT PARK HOTEL (Registration No. 3,430,367) for hotel, restaurant and bar services in class 43, which has been registered since May 20, 2008 (collectively referred to hereafter with Plaintiff's common law rights in the marks as the "BRYANT Marks"). These registrations are each valid and subsisting, and are incontestable pursuant to Section 15 of the Lanham Act. 15 U.S.C. § 1065.

10. True copies of USPTO registration certificates, and related notices of acceptance and acknowledgement of section 8 & 9 renewal filings, and section 8 & 15 declaration of use and incontestability filings for the BRYANT Marks are attached hereto as Exhibit 1. Images of examples of the uses made of the BRYANT Marks are attached hereto as Exhibit 2.

11. PBP uses its BRYANT Marks in connection with its hotel, restaurant and bar services at its THE BRYANT PARK hotel, located at 40 West 40th Street in New York, New

York. THE BRYANT PARK hotel is a luxury boutique hotel that features 128 suites and rooms, including 16 suites (7 of which have private terraces), a 62-seat private screening room, 2 loft spaces for receptions, a 24-hour gym, a bar and a restaurant. Plaintiff has also been considering the option of offering of condominiums for sale in connection with the BRYANT Marks.

12. PBP's THE BRYANT PARK hotel was designed by renowned British architecture firm David Chipperfield Architects.

13. Plaintiff's luxury accommodations, restaurant, bar and hospitality services are extremely popular with travelers across the United States and around the world. PBP has received countless accolades, awards, and extraordinary reviews from consumers and publications over the years. For example, THE BRYANT PARK hotel has received *Conde Nast's* Traveler Gold Award for "Best Places to Stay"; *Montreal Gazette's* "Most Romantic Hotel in North America"; *The London Times'* "Number One Hotel for Fashion in New York City"; Trip Advisor's "Certificate of Excellence," "Top Ten Best Hotels in New York City," and "Trendiest Hotel in New York City and America"; City Search's "Best Romantic Hotel in New York City"; *Elle* magazine's "Best Romantic Hotel in New York City"; *U.S. News and World Reports'* 2015 rating as one of the Best Hotels in New York; Concierge.com's Editor's Pick; AAA/CAA Four Diamond Lodgings for 2015; *Frommer's* "Highly Recommended"; Travel Channel's "World's Hottest Hotels"; and *New York Magazine's* Critic's Pick (with a current 10 out of 10 reader rating as of April 8, 2015).

14. The BRYANT Marks, and services offered in connection with the marks, have also been the subject of extensive advertising and promotional campaigns. For example, since its opening in 2001, Plaintiff's THE BRYANT PARK hotel has been featured in publications that reach nearly every U.S. consumer, such as *Men's Vogue, LA Confidential, US* magazine, *The*

4

*Huffington Post*, *National Geographic*, *The New York Daily News*, *The New York Post*, *Manhattan Magazine*, *Billboard* magazine, and is well-known as a favorite among celebrities and for television show and movie screenings and other high profile events.

15. The BRYANT Marks are also promoted and advertised online at www.bryantparkhotel.com, and related social media pages such as Facebook, Twitter, Instagram, and others. Indeed, THE BRYANT PARK hotel's Twitter page has over 12,000 followers and its Facebook page has nearly 1,500 "likes" and 6,000 visits. The hotel averages 817,000 Trip Advisor searches worldwide per month and the hotel's website averages 19,000 searches per month. Plaintiff's services offered in connection with the BRYANT Marks have been the subject of extensive unsolicited media and press attention in the U.S. and worldwide.

16. Since 2001, Plaintiff has spent in excess of $2.4 million on advertising and promotional materials to establish and promote its BRYANT Marks, including international P.R. Guests from over 30 countries have stayed at THE BRYANT PARK hotel, and countless more have visited the restaurant, bar and social media sites.

17. By virtue of the high-quality of Plaintiff's services and Plaintiff's longstanding use, extensive promotion, advertising and unsolicited publicity relating to its BRYANT Marks, Plaintiff has established a valuable reputation and has achieved enormous good will of inestimable value to Plaintiff in its BRYANT Marks in the United States.

18. Plaintiff's BRYANT Marks have acquired secondary meaning and are famous as a matter of law. The BRYANT Marks became famous in the United States long before Defendants adopted or began use of the Infringing Mark, as defined in paragraph 24, infra.

### B. DEFENDANTS' INFRINGING ACTIVITIES

19. Upon information and belief, Defendants are in the business of real estate and

hotel investment and development including hotel and residential properties in New York City.

20. Upon information and belief, Defendants have begun construction on a 32-story mixed use hotel and condominium development located at 20 West 40th Street, New York, New York, which will reportedly include a 230-room luxury boutique hotel, restaurant, bar and 57 residential condominiums ("Defendants' Property"). Defendants' Property is located only steps—less than 200 feet—away from Plaintiff's THE BRYANT PARK hotel, on the same block and on the same side of West 40th Street in New York City. Upon information and belief, sales of condominiums located at the Defendant's Property will commence in the summer of 2015.

21. In or about March 2015, Plaintiff discovered a news article in a United Kingdom publication, which reported that Defendants planned to market their new hotel and condominium located in the Defendants' Property under the name THE BRYANT. Prior to this time, it was reported that the hotel and condominium project planned for Defendant Property would bear various other names including "1 Hotel & Residences."

22. On or about March 13, 2015, Plaintiff's counsel wrote to Defendant HFZ inquiring as to whether the report in the UK publication regarding planned use of the mark THE BRYANT was accurate, and putting it on notice of Plaintiff's rights in the BRYANT Marks. (See copy of March 13, 2015 letter to Defendants attached hereto as Exhibit 3.) Despite confirmation of receipt, to date, Defendants have not responded to Plaintiff's letter.

23. On April 3, 2015, Plaintiff learned for the first time that Defendants did in fact intend to market its new hotel and condominium project under the mark THE BRYANT, when it discovered Defendants' "teaser" website for the project located at WWW.THEBRYANTNYC.COM ("Defendants' Website").

24. Upon information and belief, despite receiving Plaintiff's March 13, 2015 letter,

6

on April 2, 2015, Defendants launched Defendants' Website located at WWW.THEBRYANTNYC.COM without notice to Plaintiff, and commenced use of the mark THE BRYANT ("Infringing Mark") in connection with the promotion of their forthcoming condominium, restaurant, bar and hotel services.

25. Upon information and belief, Defendants registered or caused an agent to register the Internet domain name THEBRYANTNYC.COM ("Disputed Domain Name") on or about September 26, 2014 as an Internet address for a website via which Defendants promote its luxury boutique hotel and condominium services under the Infringing Mark. (See printed pages from Defendants' Website attached hereto as Exhibit 4.)

26. The Defendants' Website has and does use the Infringing Mark to promote, advertise and identify its forthcoming luxury boutique hotel, restaurant, bar and condominium services, and to solicit customers to purchase its services. The Defendants' Website also provides an "Inquire" section so that interested website visitors can interact with Defendants to obtain further information about its services and to obtain price quotes. (See Exhibit 4.)

27. The home page of Defendants' Website predominantly features the Infringing Mark above an image of the West 40th Street skyline that includes an image of Plaintiff's well-known THE BRYANT PARK hotel in the center, adjacent to an artist's rendering of Defendant's Property, in a manner that is clearly intended to trade on the good will associated with PBP's THE BRYANT PARK luxury hotel, restaurant and bar services. (See Exhibit 4.)

28. Defendants' Website also promotes the fact that the property marketed under the Infringing Mark was designed by the same well-known British architecture firm, David Chipperfield Architects, that designed Plaintiff's THE BRYANT PARK hotel. (See Exhibit 4.)

29. Defendants' adoption and continued use of the Infringing Mark, THE BRYANT,

7

and registration of the Disputed Domain Name, THEBRYANTNYC.COM, is willful as a matter of law, having been adopted with knowledge of and intent to trade on and benefit from the good will established in the BRYANT Marks by PBP for hotel, restaurant and bar services.

30. Defendants' infringement of Plaintiff's BRYANT Marks has occurred despite actual notice and full knowledge of Plaintiff's prior rights and registrations in and to the world famous BRYANT Marks, and with the intent to trade on and benefit from the good will established in the BRYANT Marks. Despite the actual notice given by PBP, Defendants have commenced use of the Infringing Mark to identify, promote, advertise and solicit their forthcoming services that are identical to Plaintiff's services, and continue to use the Disputed Domain Name to promote its services. Defendants' adoption and continued use of the Infringing Mark is therefore willful as a matter of law pursuant to 15 U.S.C. § 1117. By their willful infringement of Plaintiff's BRYANT Marks, Defendants are seriously and irreparably damaging PBP and the good will it has accumulated over time.

31. Defendants' acts infringe as a matter of law, and unfairly compete with the BRYANT Marks. If allowed to continue, Defendants' acts are likely to dilute the strength of PBP's BRYANT Marks.

32. Defendants' use of the Infringing Mark and the Disputed Domain Name is likely to result in confusion and is likely to mislead the public into falsely believing that PBP sponsors, approves, licenses, or is associated or affiliated with the Defendants, Defendants' services, and/or the Disputed Domain Name THEBRYANTNYC.COM.

33. Such confusion is particularly likely given that the parties' respective services are identical or related and will be offered in buildings located on the same block just a few doors apart. Defendants' promotion of the fact that the same architect who designed Plaintiff's hotel

THE BRYANT PARK will design Defendants' property bearing the Infringing Mark is likely to bolster the false presumption that Defendants' services are related to or affiliated with those that Plaintiff offers under the BRYANT Marks.

### FIRST CLAIM
### Willful Infringement of Registered Trademark in Violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114

34. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 33, as if fully set forth herein.

35. Defendants have infringed Plaintiff's registered BRYANT Marks by unauthorized use of the Infringing Mark on and in connection with Defendants' services without Plaintiff's permission or consent, with the intent to cause confusion and deceive the public, take advantage of the good will associated with the BRYANT Marks, and in willful disregard of the Plaintiff's rights.

36. Defendants' activities are likely to lead to and result in consumer confusion, mistake, or deception, and are likely to cause consumers and the public to believe that Plaintiff has produced, sponsored, authorized, licensed or otherwise approved Defendants' use of the Infringing Mark.

37. Plaintiff has been and will continue to be irreparably harmed unless Defendants are enjoined from their unlawful conduct.

38. Plaintiff has no adequate remedy at law.

39. In light of the foregoing, Plaintiff is entitled to: (1) an injunction prohibiting Defendants from using the Infringing Mark or any marks confusingly similar to the BRYANT Marks, including but not limited to the Disputed Domain Name THEBRYANTNYC.COM; (2) an order directing Defendants to transfer their rights in the Disputed Domain Name to Plaintiff;

and (3) to recover from Defendants all damages that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their willful infringing acts alleged above, in an amount not yet known, but believed to be in excess of $5,000,000, and the costs and attorneys' fees incurred in this action pursuant to 15 U.S.C. § 1117(a).

### SECOND CLAIM
### Unfair Competition and False Designation of Origin or Sponsorship Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

40. Plaintiff repeats and alleges the allegations contained in paragraphs 1 through 39, as if fully set forth herein.

41. Defendants' use of the Infringing Mark without Plaintiff's consent constitutes unfair competition and willful false designation of origin and false and misleading description and representation of fact, which is likely to cause confusion or mistake, or to deceive the relevant purchasing public as to the origin or sponsorship of Defendants' services.

42. Plaintiff has been harmed and will continue to be irreparably harmed as a result of Defendants' willful and unlawful actions unless Defendants are enjoined from their unlawful conduct.

43. Plaintiff has no adequate remedy at law.

44. In light of the foregoing, Plaintiff is entitled to: (1) an injunction prohibiting Defendants from using the Infringing Mark or any marks confusingly similar to the BRYANT Marks, including but not limited to the Disputed Domain Name THEBRYANTNYC.COM; (2) an order directing Defendants to transfer their rights in the Disputed Domain Name to Plaintiff; and (3) to recover from Defendants all damages that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above, in an amount not yet known, but believed to be in excess of $5,000,000 and the

costs and attorneys' fees incurred in this action pursuant to 15 U.S.C. § 1117(a).

## THIRD CLAIM
### Dilution Under Section 43(c)
### of the Lanham Act, 15 U.S.C. § 1125(c)

45. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 44, as if fully set forth herein.

46. PBP is the owner of the BRYANT Marks which are registered on the U.S. Principal Register, are each widely recognized by the general consuming public as a designation of source for Plaintiff's services, and each qualify as a famous mark pursuant to Section 43(c)(2) of the Lanham Act.

47. Defendants are making unauthorized trademark use of the Infringing Mark which is confusingly similar to the BRYANT Marks as marks or trade names in connection with the promotion and/or sale of services in interstate commerce, which use commenced long after each of the BRYANT Marks became famous.

48. Defendants willfully traded and are willfully trading on Plaintiff's reputation in the BRYANT Marks which is likely to cause the dilution of the distinctive quality of the world famous BRYANT Marks by creating a likelihood of association with the BRYANT Marks which is likely to impair the distinctiveness of the BRYANT Marks.

49. Defendants committed these actions willfully and with the intention to create an association with the famous BRYANT Marks and to trade on the recognition and good will associated with the BRYANT Marks.

50. Plaintiff has been harmed and will continue to be irreparably harmed as a result of Defendants' unlawful actions unless Defendants are enjoined from their unlawful conduct.

51. Plaintiff has no adequate remedy at law.

52. In light of the foregoing, Plaintiff is entitled to: (1) an injunction prohibiting Defendants from using the Infringing Mark or any marks confusingly similar to the BRYANT Marks, including but not limited to the Disputed Domain Name THEBRYANTNYC.COM; (2) an order directing Defendants to transfer their rights in the Disputed Domain Name to Plaintiff; and (3) to recover from Defendants all damages that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their dilution of the BRYANT Marks as alleged above, in an amount not yet known, but believed to exceed $50,000,000 and the costs and attorneys' fees incurred in this action pursuant to 15 U.S.C. § 1117(a).

## FOURTH CLAIM
### Dilution Under New York General Business Law § 360-1 et seq.

53. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 52, as if fully set forth herein.

54. The BRYANT Marks are distinctive.

55. Defendants' use of the Infringing Mark in connection with their services harms or is likely to harm Plaintiff's business reputation and dilutes or is likely to dilute the distinctive quality of the world famous BRYANT Marks.

56. Plaintiff has been harmed and will continue to be irreparably harmed as a result of Defendants' unlawful actions unless Defendants are enjoined from their unlawful conduct.

57. Plaintiff has no adequate remedy at law.

58. In light of the foregoing, Plaintiff is entitled to: (1) an injunction prohibiting Defendants from using the Infringing Mark or any marks confusingly similar to the BRYANT Marks, including but not limited to the Disputed Domain Name THEBRYANTNYC.COM; (2)

an order directing Defendants to transfer their rights in the Disputed Domain Name to Plaintiff; and (3) damages attributable to such infringing use in an amount not yet known but believed to exceed $50,000,000.

## FIFTH CLAIM
### Common Law Unfair Competition

59. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 58, as if fully set forth herein.

60. Defendants' unlawful appropriation of Plaintiff's rights in its BRYANT Marks through use of the Infringing Mark was intended to capitalize for Defendants' own pecuniary gain on the good will and excellent reputation of Plaintiff and Plaintiff's THE BRYANT Marks, which Plaintiff has expended substantial time, resources and effort to obtain. Thereby, Defendants have been unjustly enriched and are benefiting from property rights, which rightfully belong to Plaintiff.

61. Plaintiff has been harmed and will continue to be irreparably harmed as a result of Defendants' unlawful actions unless Defendants are enjoined from their unlawful conduct.

62. Plaintiff has no adequate remedy at law. Plaintiff is entitled to: (1) an injunction prohibiting Defendants from using the Infringing Mark or any marks confusingly similar to the BRYANT Marks, including but not limited to THE BRYANT and the Disputed Domain Name THEBRYANTNYC.COM; (2) an order directing Defendants to transfer their rights in the Disputed Domain Name to Plaintiff; and (3) a disgorgement of the profits unjustly earned by Defendants.

## SIXTH CLAIM
### Cybersquatting pursuant to Section 43(c)
### of the Lanham Act, 15 U.S.C. § 1125(c)

63. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 62, as if fully set forth herein.

64. Defendants have registered, trafficked in or used the Disputed Domain Name which is identical to or confusingly similar to Plaintiff's registered BRYANT Marks.

65. Plaintiff's BRYANT Marks were distinctive at the time of Defendants' registration of the Disputed Domain Name.

66. Defendants have registered the Disputed Domain Name with a bad faith intent to trade on and profit from the Plaintiff's famous BRYANT Marks.

67. Plaintiff has been harmed and will continue to be irreparably harmed as a result of Defendants' unlawful actions unless Defendants are enjoined from their unlawful conduct.

68. Plaintiff has no adequate remedy at law.

69. In light of the foregoing, Plaintiff is entitled to an injunction prohibiting Defendants from using the Disputed Domain Name, and directing Defendants to transfer ownership of the Disputed Domain Name to Plaintiff.

WHEREFORE, Plaintiff Philips Bryant Park, LLC demands judgment against Defendants on the foregoing claims as follows:

    A. That Defendants, their agents, servants, employees, licensees, sponsors, associates, and attorneys, and all persons acting by, through, or in active concert with any of them, be permanently enjoined:

        i. From using the mark, name or moniker THE BRYANT or any name or mark which includes THE BRYANT PARK mark or THE BRYANT PARK HOTEL mark or is otherwise confusingly similar thereto;

        ii. From committing any other act which falsely represents or which has the effect of falsely representing that the goods or services of the Defendants are licensed, authorized by, or in any way associated with Plaintiff;

      iii.      From otherwise infringing Plaintiff's registered trademarks;

      iv.      From otherwise unfairly competing with Plaintiff; and

      v.      From otherwise diluting Plaintiff's marks.

      vi.      That Defendants account to Plaintiff for all gains, profits and advantages derived from Defendants' wrongful acts;

B.    That Plaintiff recover from Defendants all of Defendants' profits and all damages, including lost profits, sustained by Plaintiff as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate, pursuant to the U.S. Lanham Act and New York State law;

C.    That Plaintiff be awarded all the costs, disbursements and attorneys' fees incurred by Plaintiff in bringing this claim, pursuant to 15 U.S.C. § 1117;

D.    That Defendants be required to transfer their rights in the Disputed Domain Name THEBRYANTNYC.COM to Plaintiff; and

E.    Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
April 16, 2015

                KELLEY DRYE & WARREN LLP

                By: _____

                Andrea L. Calvaruso
                Ana Y. Correa

                101 Park Avenue
                New York, NY 10178
                Tel.: (212) 808-7800
                Fax: (212) 808-7897
                Email: acalvaruso@kelleydrye.com
                Email: acorrea@kelleydrye.com

                *Attorneys for Plaintiff Philips Bryant Park LLC*